## Crist *versus* Kleber *et al.*

1. Kleber leased a piano to Wilson for a rent payable quarterly; the lease to terminate at the option of Kleber, if the rent were not paid; with privilege to Wilson to buy, and if purchased all sums paid for rent to be deducted from the price, Kleber still to retain the owenrship. The piano being in possession of Wilson was sold for taxes against him. *Held*, that the sale did not divest Kleber's ownership.

2. No declarations of Wilson or the acts of other parties in attempting to treat the piano as his could affect Kleber.

3. The property remained in bailment and was not liable to a sale for Wilson's debt or for his taxes.

4. Possession under a mere bailment for hire is not a constructive fraud.

October 13th 1875.   Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1875, No. 133.

This was an action of replevin, brought July 3d 1874 by Henry Kleber and Augustus Kleber, trading as H. Kleber & Brother, against S. J. Crist, for a piano, stool and cover.

The defendant gave a claim property bond and retained the goods.

The plaintiffs' affidavit of claim was, that being the owner of

[Crist *v.* Kleber.]

the piano, stool and cover they entered into an agreement with one James Wilson to rent him the piano, &c. for the quarterly rent of $35. The agreement was dated July 12th 1873 ; in consideration of the renting of the piano, &c., Wilson agreed to pay to the plaintiffs $35 from the date of the agreement until the 12th of October then next : "being one quarter, the specified amount to be paid at the beginning of each quarter or term," the "renting may be terminated at the option of the party of the first part at any time if the rent is not paid as above agreed, and they may at their option enter said premises and take possession of and remove said piano without process of law." Wilson was to have the right to purchase the piano at $450 in instalments, the last payable in nine months ; in case of purchase, the sums paid for rent to be deducted from the price ; the right of the plaintiffs to claim the piano as their property to remain in them as if the privilege of purchase had not been added to the agreement.

The affidavit further averred that in pursuance of the agreement the piano, &c., were delivered to Wilson, who failed to pay the rent and to comply with the provisions of the agreement, that the defendant has the piano, &c., in his possession and refuses to deliver it.

The affidavit of defence averred that the piano, &c., were lawfully seized and sold for taxes by the tax collector of the Sixth ward, Allegheny city, on the premises of Wilson, for city, county and state tax due by him ; that T. P. Nicholson became the purchaser of the piano, &c., at the sale, and the defendant purchased them from Nicholson ; it averred further that the defendant had no knowledge of the alleged agreement with Wilson, &c.

On the trial, April 12th 1875, before Stowe, J., the plaintiffs read their affidavit of claim under the rule of court. The defendant offered to prove the assessments against the real estate of Wilson ; warrants issued to the collector ; that the piano was found on the premises of Wilson and claimed by him, long after the expiration of the lease ; that under the warrants the piano, &c., were sold to Nicholson, who sold them to the defendant : to be followed by proof that Wilson asserted whilst the piano, &c., were in his possession, that he had paid for them in full and that Wilson a short time before the sale had claimed them under an execution against him ; that they were set apart to him and afterwards sold for the taxes.

The plaintiffs objected to the evidence ; it was rejected by the court, and a bill of exceptions sealed.

Both parties then gave evidence as to the value of the piano, &c.

The court charged that under the evidence the plaintiffs were entitled to recover ; the only question was as to damages.

The verdict was for the plaintiffs for $420.50.

The defendant took a writ of error and assigned for error the

[Crist *v.* Kleber.]

rejection of his offer of evidence and the instruction of the court to the jury.

*Bigham & Blakely,* for plaintiff in error, cited Davis *v.* Bigler, 12 P. F. Smith 242.

*G. R. Cochran* and *A. M. Brown,* for defendants in error.— The lease clearly asserted and maintained the plaintiffs' right of property in the piano; and the legality of such a bailment is lawful: Myers *v.* Harvey, 2 Penna. Rep. 479; Vandyke *v.* Christ, 7 W. & S. 373; Clark *v.* Jack, 7 Watts 375; Rose *v.* Story, 1 Barr 191; Henderson *v.* Lauck, 9 Harris 359; Linton *v.* Butz, 7 Barr 89; Rowe *v.* Sharp, 1 P. F. Smith 26. "*Caveat emptor*" is applicable to this purchase: Brown *v.* Wilmerding, 5 Duer 225.

Judgment was entered in the Supreme Court October 25th 1875,

PER CURIAM.—The lease of the piano was a continuing lease, to be terminated only at the option of the plaintiffs if the rent should be unpaid. No offer was made to show that the lease had been terminated and the piano suffered to remain in the hands of Wilson, the lessee, as his property. His declarations of property, or the acts of other parties in attempting to treat the piano as his, could not, therefore, affect his lessors. The property remained in bailment and consequently was not liable to a sale for payment of his debts, or for taxes. Possession under a mere bailment for hire is not a constructive fraud; otherwise much of the business of men would be ended, and the poorer the bailee the less would be his ability to hire the use of property needful to him. We see no error in rejecting the defendant's offer. Judgment affirmed.