## Pittsburg, Johnstown, Ebensburg & Eastern Railroad Company, Appellants, *v.* Altoona & Beech Creek Railroad Company.

*Equity—Res adjudicata—Forfeiture of railroad lease—Writ of assistance.*

On an application for a writ of assistance to place a lessor in possession of leased property after a decree of forfeiture of the lease, the court will consider as finally adjudicated all questions relating to the right of forfeiture which were considered in the forfeiture proceedings, or which should have been then presented for consideration.

*Railroads—Lease—Writ of assistance—Forfeiture.*

Where a decree of forfeiture of a railroad lease entered because of failure to perform a covenant to build certain miles of railroad has been modified by the Supreme Court, so as to extend the time for the performance of the covenant, a writ of assistance should not be granted to the lessor before the expiration of the extended time ; but a decree granting a writ of assistance will not be reversed by the Supreme Court where it appears that at the time the writ was issued only five days remained in which to complete fifty or sixty miles of railroad, and that consequently the covenant could not have been performed within the extended time.

Argued April 22, 1902.    Appeal, No. 113, April T., 1902, by plaintiff, from decree of C. P. Blair Co., Equity Docket B, Nos. 329 and 335, awarding writ of assistance in case of Pittsburg, Johnstown, Ebensburg & Eastern Railroad Company and the Altoona & Beech Creek Terminal Railroad Company v. Altoona & Beech Creek Railroad Company, Lessor, and Henry Snyder, Constable.    Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Petition for writ of assistance.

LOVE, J., specially presiding filed an opinion in which he stated the facts to be as follows:

This is an application for a writ of assistance made upon the petition of the defendant company to recover the possession of certain railroad property, franchises, etc., leased to plaintiff companies by the defendant company.  The application is made under the decree of the Supreme Court made in the case May 29, 1900, as follows : " It is ordered, adjudged and decreed that, if on or before July 1, 1900, the appellants pay the rental due the appellee, as found by the court below, to wit: $800 due December 8, 1899, and all subsequently accruing rent, and that on or before January 1, 1901, appellants construct the railroad and make the connections contemplated and provided for in the agreement of lease, the bill of complaint and the cross-bill be dismissed ; and upon failure to so pay the said rent or to so construct the said railroad and make the said connections, that thereupon the appellants shall forthwith surrender possession of the railroad property and franchises leased and mentioned in said lease unto the appellee."  Upon application to the Supreme Court, the grace of the said decree was extended to January 1, 1902; the decree has, so far as payment of rent is concerned, been substantially complied with up until the quarter's rent that was due and payable December 8, 1901.  As to the construction of the railroad and making the railroad connections provided for in the decree, nothing has been done.  The construction of the railroad and making the connections was the principal consideration for entering into the lease on part of the Altoona & Beech Creek Railroad Company.  [The lessees by the answer filed in this case admit the demand for the rent and admit that the said lessees do not propose to build the said railroad and make said railroad connections ; nor do the lessees propose to pay the rent due.  They allege in a general way that they have an offset for use of No. 3 compound engine and railroad cars from 1897.  We fail to see any validity in alleged claim.  The property mentioned was embraced in the lease. The question of rent due was adjudicated in March, 1900, by proceedings in equity in this case when the lease was decreed forfeited, and if there was any claim for set-off to rent, as now attempted to be set up, it should have been presented then.] [1] [It will be seen that the decree of the Supreme Court provides

that " upon failure to so pay the said rent, or to construct, etc., that therefore the appellants shall forthwith surrender possession, etc., to the appellees." So that upon failure of either to pay rent, or to construct the railroad, etc., the appellees under the terms of said decree are entitled to posesssion of the property. Rule 82 of the Supreme Court in equity provides : " When any decree or order is for the delivery of possession, upon proof made by affidavit of a demand and refusal to obey the decree or order, the party prosecuting the same shall be at liberty to apply forthwith to the court, or to a law judge, for an order for a writ of assistance, upon the allowance of which the prothonotary shall immediately issue the same."] [2]

[We think that for the foregoing reasons, and under said rule of court, the decree in this case not being complied with, and the answer admitting the fact, and further admitting that the said railroads, lessees, do not purpose to comply with the said decree, that the petitioner is entitled to the writ as prayed for.] [3]

[It is, therefore, ordered that a writ of assistance, which is allowed, be issued as prayed for, the same to be without prejudice to the rights of any of the parties as to the locomotive or other property, the title to which is in controversy in a proceeding before his honor, Judge BELL, for adjudication and determination.] [4]

*Errors assigned* were (1–4) portions of opinion as above, quoting them.

*Thomas H. Greevy*, for appellant.

*William S. Hammond*, for appellee.

OPINION BY MR. JUSTICE FELL, May 19, 1902 :

The decree entered on the cross-bill of the defendant and modified and affirmed by this court in 196 Pa. 452, was conclusive as to the right of forfeiture of the lease. The questions now raised concerning that right were then considered or should have been presented for consideration, and the adjudication is final as to them. The only question before the court on the application for an order for a writ of assistance was whether

the decree had been complied with.    To relieve from the hardship of a forfeiture of the lease, the time for the completion of the road was extended to January 1, 1902, more than nineteen months from the entering of the modified decree.    In the meantime nothing substantial has been done, and it is admitted in the answer to the petition for a writ that the defendant does not intend to comply with the conditions on which an extension was granted.    It was irregular to issue the writ before the expiration of the time.    An application should have been made to this court to modify or rescind its order.    But we are not disposed to set the order aside on this ground.    As but five days remained in which to complete fifty or sixty miles of railroad, the defendant could not have complied with the conditions if he had desired to do so.    It has already exhausted every claim to indulgence.

The order is affirmed at the cost of the appellant.