# James H. Link Machinery Company *v.* Continental Trust Company, Appellant.

*Bailment—Conditional sale—Contract.*

A writing signed by one person certified that the writer had hired from a corporation named certain machinery, and that he agreed to pay for the use of the machinery for twenty months $4,250, partly in real estate at a valuation, and partly in notes payable at intervals of two months. The writer further agreed to pay for all freight for the delivery and return of the machinery, to keep it in good order, and to keep it insured. It was also provided that in case of default in payments the corporation should be at liberty to remove the machinery. By a separate writing on the same page, the corporation agreed to sell all of its title to the machinery after all payments had been made, for the sum of $107.40. There was evidence that this $107.40 was for interest on deferred payments, although the agreement stipulated that the notes should be without interest. *Held*, that the agreement on its face was a bailment, and not a conditional sale.

Argued Nov. 4, 1909. Appeal, No. 173, Oct. T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1906, No. 375, on verdict for plaintiff in case of James H. Link Machinery Company v. Continental Trust Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Replevin for machinery. Before FRAZER, P. J.

From the record it appeared that the machinery in question had been purchased at a sheriff's sale on an execution against the Pittsburg Saw Mill Lumber Company. From the evidence

it appeared that the lumber company had received it from one D. B. Evans. The question of ownership turned upon the construction of the following agreement in writing:

"This is to certify that I, the undersigned, have this day hired from the Jas. H. Link Machinery Company, Williamsport, Pennsylvania, the following named machinery, all to be delivered in good working order, f. o. b. cars Williamsport Penna. viz.:

\*       \*       \*       \*       \*       \*       \*       \*

"For the use of the above mentioned machinery for twenty months from January 1, 1905, we agree to pay to Jas. H. Link Machinery Company the sum of forty-two hundred and fifty ($4,250) dollars, payable as follows:

"Deed for three houses and lots in Watsontown, Penna., valued at $2,000, clear of all incumbrances.

"Nine notes of $250 each, without interest, payable 4, 6, 8, 10, 12, 14, 16, 18 and 20 months from January 1, 1905.

"We further agree to pay all freight for the delivery and return of the above machinery, keeping it in good repair at our expense, also keeping said machinery insured to the benefit of Jas. H. Link Machinery Company, for the sum of $2,000.

"We further agree that we will not.sublet or remove said machinery from saw mill building in which same is to be located near Butler Street Station, on the Allegheny Valley R. R., Pittsburg, Penna., except on account of danger from the elements, without the written consent of Jas. H. Link Machinery Company.

"In event of our failure to make payments as specified above, or in event of our failure to pay any one of the notes above specified, when due, the Jas. H. Link Machinery Company shall be at liberty to remove the above named machinery from our factory at any time, without let or hindrance, and we further agree to pay for any damage to or loss of said machinery while leased by us, except ordinary wear.

"In witness whereof, I have hereunto set my hand and seal this 21st day of November, 1904.

"Name, D. B. EVANS,
"P. O. Address, Jeannette, Pa.

"When the above D. B. Evans shall have complied with all the conditions and made all payments for the use of the above machinery, we agree to sell them all our title and interest in same for the sum of one hundred seven dollars and forty cents ($107.40).

"(Signed) JAS. H. LINK MACHINERY Co.,

"Per JAS. H. LINK.

"Williamsport, Penna., Nov. 17, 1904."

The defendant claimed that it was the understanding of the parties that a sale was intended.

The court charged in part as follows:

If there were nothing in this case but the mere contract of November 21, 1904, that is, the lease under which the property was transferred to Evans, we would say to you that your verdict ought to be for the plaintiff, as we construe this lease. It is the duty, always, of the court to construe written papers. When a paper comes into a suit and it needs construction, it is the duty of the court to construe the paper, and to say whether it is a bailment or a lease or a conditional sale. In this case after reading it over and comparing it with the decisions in other similar cases, we say to you as a matter of law that this paper is a bailment, that it conferred no title to the property upon Evans when he purchased it. And if that was all there was in this case we would say to you that the plaintiff would be entitled to recover, because the trust company would take no title, for the reason that Evans had no title to the property at the time it was sold. . . . While it is a bailment upon its face, the parties had a right to make a new contract at any time. [1]

Plaintiff presented these points:

1. The contract, exhibit "A," attached to plaintiff's statement, constitutes a bailment. *Answer:* That is this contract of November 21, 1904. As we have said to you in the general charge, taken and read as a whole, it is a bailment, and would entitle the plaintiff to recover unless it was the understanding of the parties at the time it was entered into that it was to be merely a security for the amount due, and was intended by

them not as a bailment but as a bill of sale, or was afterwards modified by the parties in the spring of 1905, by which modification the property was sold outright in lieu of the bailment. [2]

3. We instruct you as matter of law that charging interest upon the alleged rental, as was done in this case, is incompatible with a bailment, and that it being the undisputed evidence that interest was to be charged under this alleged contract of bailment, and that that interest was represented by the clause added to the agreement after the signature of D. B. Evans, in which the plaintiff in this case agreed to sell all its title and interest in all this machinery for the exact amount of the interest, to wit, $107.40, this contract is not one of bailment, but a conditional sale, and your verdict must be for the defendant. *Answer:* Refused. [3]

4. Under all the law and evidence in this case, your verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff. · Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*James Balph*, with him *W. A. Griffith* and *J. F. McNaul*, for appellant.

*George M. Newmyer*, with him *George B. Lewis*, for appellee.

PER CURIAM, January 3, 1910:

The court properly instructed the jury that the agreement under which the plaintiff claimed title to the machinery for which replevin was brought, was on its face a bailment. Whether at the time the agreement was entered into there was an understanding between the parties to it that there was a sale, and the agreement was intended to secure the price, and whether the agreement had been subsequently modified or superseded were questions properly submitted.

The judgment is affirmed.