## Reading Automobile Company *v.* DeHaven, Appellant.

*Bailment—Sale—Construction of writing—Province of court and jury.*

1. In a contest between an execution creditor and a person claiming the goods under an alleged bailment, where the writing between the claimant and the defendant in the execution is on its face a bailment, and there is no evidence that the parties contemplated a sale, it is for the court, and not the jury, to pass on the question whether the writing was in fact a bailment.

2. In such a case the mere fact that the purpose originally may have been eventually to effectuate a sale, does not change the bailment into a sale; nor does the circumstance that the writing does not contain a specific covenant of the bailee to return the goods at the end of the term, change the writing into a sale.

3. An execution creditor of a bailee cannot take advantage of the fact that the bailor did not require prompt payment of the monthly rentals at the periods they became due.

Argued Nov. 13, 1912.   Appeal, No. 217, Oct. T., 1912, by defendant, from judgment of C. P. Berks Co., Jan. T., 1912, No. 11, on verdict for plaintiff in case of Reading Automobile Company v. Alexander M. DeHaven.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Feigned issue on sheriff's interpleader.
At the trial the jury returned a verdict for plaintiff.

On a motion for judgment for defendant non obstante veredicto WAGNER, J., filed the following opinion:

This is an action of interpleader to determine the title to an automobile levied upon by the sheriff by reason of an execution issued at the instance of this defendant.

The plaintiff, in support of its claim of title, offered in evidence an agreement dated January 27, 1910, and entered into between it and Albert A. Gery, the execution debtor.   This agreement contained, among others, the following stipulations:

1. "That the Bailor (The Reading Automobile Company), in consideration of the sum of Twenty-five Hundred Dollars, the receipt whereof is hereby acknowledged, and of the agreement, conditions and stipulations hereinafter mentioned to be kept and performed by the Bailee, lets and rents to said Bailee for the term of eight months, beginning with March 1, 1910, a certain Franklin Automobile No. 10156, valued at Five Thousand Dollars, for the use and hire of which said Albert A. Gery, the Bailee, hereby agrees to pay to the Bailor, at its place of business in the City of Reading, Pa., as rent and for hire and use of said Automobile, the sum of Three Hundred and Twenty Dollars, per month, payable on the First day of every month, beginning with February 1, 1910."

2. "In case default shall be made in the payment of any sum as aforesaid on the day and at the place above mentioned, or in the breach of any of the covenants to be kept and performed by the Bailee, the said Bailee shall forthwith peaceably deliver said Automobile to the Bailor, and upon his failure or refusal the Bailor shall be at liberty at any time to enter upon the premises now or then occupied by the Bailee or the said Automobile, and regain and repossess itself of the said Automobile without any notice to or permission of the Bailee."

3. "Said Bailee further agrees for himself and his legal representatives, that the right of property in the above mentioned Automobile shall be and remain in said Bailor, and covenants and agrees not to injure or remove said Automobile nor in any way part with its custody and possession, without the written consent of said Bailor."

4. "In case the said Bailee shall violate any of the covenants herein contained on said Bailee's part to be performed and kept, the said Bailor shall have the power to terminate this bailment."

5. "If the said Bailee shall well and truly pay the said hire of Three Hundred and Twenty Dollars per month as above stipulated for and during the full term of eight months aforesaid, said Bailor will upon the payment by the said Bailee of the further sum of One dollar, execute and deliver to the said Bailee a bill of sale for the said Automobile."

Plaintiff's witness, Harry O. Koller, was the only person who testified in this case. He testified that he was secretary and treasurer of the Reading Automobile Company; that the company had never sold or parted with the title, in any way, to said automobile; that the automobile was in the possession of the plaintiff, it having obtained possession thereof upon a writ of replevin; that the automobile was given to Mr. Gery on this rental agreement; that the sum of $2,500, was the

amount demanded of Mr. Gery on account of the
serious depreciation to a car when it goes into service;
that the entire agreement between the plaintiff and
Mr. Gery was that embraced in this written agreement
and that it was absolutely the only agreement that the
parties had; that the total amount of payments on
account of rental amounted to $3,800, the first payment
of $500 being made on December 18, 1909, the second
of $1,800, on January 31, 1910, and also that upon the
same day, January 31, they received a secondhand
automobile valued at $500, which was accepted as part
payment of the monthly rental; that the other part
payments of monthly rental were as follows: "July 29th,
$500; December 22d, $200; December 29th, $200; Au-
gust 25th, $100, and also on August 25th a check which
was protested and returned;" that prior to this lease
the said Albert A. Gery offered to purchase the ma-
chine and give therefor his notes for the purchase value,
which offer was declined; that the witness then broached
the subject of making a bailment or lease with him,
which was done, and subsequently thereto the car was
delivered.

An examination of his testimony shows that he in no
wise contradicts the terms of the agreement, but con-
firms the arrangement as evidenced by the written
agreement to have been made between the plaintiff and
Albert A. Gery. No evidence was produced to in any
way vary the terms of the agreement. The court,
therefore, holding the agreement to be a bailment,
directed a verdict in favor of the plaintiff.

The defendant has filed a rule for a new trial and
also a rule for judgment n. o. v. The rule for a new
trial is based upon the reason that the court erred in
refusing defendant's two points, which were that
"Under all the evidence the verdict must be for the
defendant," and that "If the Court will not affirm
the above point then the Court is requested to instruct
the jury to find for the defendant for the value of the

machine less the amount still due to the plaintiff under the contract between the plaintiff and Gery." Also for the reason that "The verdict is contrary to the law and the evidence."

The argument for a new trial was largely based upon defendant's contention that the court erred in not submitting to the jury the question of whether or not the arrangement between the plaintiff and Albert A. Gery was a bailment or a sale. Counsel claimed that "Although the agreement on its face is a lease it is always a question for the jury whether at the time it was entered into there was an understanding between the parties to it that there was a sale and whether the agreement was intended to secure the price." In support of this proposition they cited: Link Machinery Co. v. Continental Trust Co., 227 Pa. 37; In re Gehris-Herbine Co., 188 Fed. Repr. 502, and Am. Car & Foundry Co. v. Altoona, etc., R. R. Co., 218 Pa. 519. Whilst two of these cases were submitted to the jury yet they do not, however, decide that under all circumstances in an action of this kind the question of title must be submitted to the jury. The plaintiff's title was supported by the written agreement offered in evidence. This agreement, upon its face, was clearly a bailment: Link Machinery Co. v. Continental Trust Co., 227 Pa. 37; Stiles v. Seaton, 200 Pa. 114; Lippincott v. Scott, 198 Pa. 283; Am. Car & Foundry Co. v. Altoona, etc., R. R. Co., 218 Pa. 519; Ditman v. Cottrell, 125 Pa. 606; Harris v. Shaw, 17 Pa. Superior Ct. 1; Painter v. Snyder, 22 Pa. Superior Ct. 603, 604. The testimony of the only witness produced in this case, as already stated, in no wise varied the terms of this agreement or evidenced any other arrangement than that shown by the written contract. The defendant claims that because this witness testified in answer to the question, "You had considerable more negotiations with him prior to the consummation of this particular contract?" as follows, "No, sir, I hadn't very

much conversation on the subject. The matter was just brought up in Mr. Gery's office. We understood that he was interested in the purchase of an automobile, and one of our salesmen went to see him. He then offered to give notes for the purchase of the machine which we declined. We wouldn't consider them at all. Then I broached the subject of making a bailment or lease with him," that this, together with the option of purchase contained in the agreement, was evidence to be submitted to the jury as to whether or not there was a sale at the time or prior to the delivery of the automobile. This evidence clearly does not import such a sale and would, under no circumstances, warrant the jury in finding that this was a sale and not a bailment. The mere fact that the purpose originally may have been to eventually effectuate a sale or that the agreement contained an option of sale does not change the bailment into a sale: Rowe v. Sharp, 51 Pa. 26, 30; Brown v. Billington, 163 Pa. 76, 79, 80; Stiles v. Seaton, 200 Pa. 114; Scott v. Massey, 18 Pa. Superior Ct. 372, 374; Barnett v. Fein, 41 Pa. Superior Ct. 423; Byers Machine Co. v. Risher, 41 Pa. Superior Ct. 469, 471. It being therefore a bailment and not a sale, the title remained in the bailor, the plaintiff in this case, even as against creditors: Rowe v. Sharp, 51 Pa. 26. We do not consider, therefore, that there was any error in directing of a verdict for the plaintiff upon this uncontradicted agreement.

The defendant's rule for judgment n. o. v. is based upon the circumstances that this agreement did not contain the specific covenant of the bailee to return at the end of the term, that is, the eight months, the automobile to the bailor, and that therefore the agreement cannot be construed to be a bailment, but a sale. In the cases of Stiles v. Seaton, 200 Pa. 114; Jones v. Wands, 1 Pa. Superior Ct. 269; Harris v. Shaw, 17 Pa. Superior Ct. 1; Painter v. Snyder, 22 Pa. Superior Ct. 603; Porter v. Duncan, 23 Pa. Superior Ct. 58, 61, this

question has been specifically decided. In the case of Harris v. Shaw, 17 Pa. Superior Ct. 1, the Superior Court, on page 5, say: "The absence of a clause stipulating for a return of the property to the lessor at the expiration of the lease is not fatal to this construction: Jones v. Wands, 1 Pa. Superior Ct. 269; Edwards's Appeal, 105 Pa. 103." Also, in the case of Porter v. Duncan, 23 Pa. Superior Ct. 58, the Superior Court, on page 61, say: "The court was clearly right in holding that the writing was in form a bailment. It was a letting for use for a definite term for a certain sum to be paid monthly, and under the authority of Jones v. Wands, 1 Pa. Superior Ct. 269, no express stipulation for the return of the goods on the expiration of that definite term was necessary to constitute a bailment. See also Stiles v. Seaton, 200 Pa. 114."

The defendant further claims that because the bailor waived the requirement in the agreement requiring payments of $350, each to be made upon the first day of each and every month, but accepted payments subsequent to the eight months and did not require the full payments upon the first of each and every month, that by reason of this waiver, at the expiration of the eight months, title vested in the bailee. In support of this proposition counsel cites: Kelley Springfield Road Roller Co. v. Schlimme, 220 Pa. 413; Weakley v. Diffenderfer, 18 Pa. Dist. Rep. 912. What these cases decided is that when the bailor waives the time and amount of payment he thereby has no longer the right to terminate the lease in accordance with the terms of the original contract, and repossess himself of the property after the bailee offers to pay to him the full balance of the rentals contracted for and by the payment of which the bailee is entitled to have a bill of sale made to him of the property by the bailor. Those cases merely decided the rights existing between the bailee and the bailor. Had Mr. Gery, the bailee, after the evident waiver as to the times and amounts of pay-

ment, offered to pay the entire balance of the eight months' rental, together with the further sum of $1.00, this plaintiff could not then have refused acceptance ·thereof and regained possession of the machine upon the clause in the agreement that upon failure to observe every covenant in the lease, the bailor can thereupon repossess himself of the property.

For the reasons herein stated, rules for a new trial and for judgment n. o. v. are discharged.

*Error assigned* was in overruling motion for judgment n. o. v.

*Isaac Hiester*, for appellant.

*Cyrus G. Derr*, with him *Walter B. Freed*, for appellee.

OPINION BY ORLADY, J., April 27, 1913:

The plaintiff sold to Albert A. Gery an automobile valued at $5,000, and Gery paid at that time $500 on account and the company refused to accept notes for the balance of the purchase price, when both parties agreed to make a contract of bailment and on January 27, 1910, such a contract in writing was executed and provided that Gery should pay $2,500 cash and $320 per month for eight succeeding months. The machine was delivered to Gery, but he never made any of the payments stipulated in the written contract. Within a few days after he received the auto from the plaintiff he turned over to it an old auto for which the plaintiff company allowed him $500 in exchange, and at the same time he paid $1,800 in cash. Subsequently payments were made as follows: July 29, 1910, $500; December 22, 1910, $200; December 29, 1910, $200; August, 1911, $100. On October 28, 1911, Alexander M. DeHaven, this defendant, issued an execution against Gery and levied upon the machine which was then in Gery's possession and use. Under the bailment contract the term had expired for the retaking of

the property by the plaintiff, on an assertion of default under its terms, but when the execution was issued, and the machine was levied upon by DeHaven the plaintiff company, on March 3, 1911, sued out a writ of replevin to regain possession. The sheriff petitioned for interpleader proceedings when the plaintiff company on December 7, 1911, gave an interpleader bond and on December 22, 1911, the machine was delivered to it, and this feigned issue was framed to determine the title to the property.

On the trial of this issue the court gave binding instructions to find for the plaintiff, which constitutes the only assignment of error urged on this appeal.

It is conceded that the payments of rental were irregular, both in amount and as to time, and there is no suggestion of bad faith or any intention to mislead or deceive any party not directly interested in the contract. It is urged that although the agreement on its face is a lease, it is always a question for the jury to determine whether at the time it was entered into, there was an understanding between the parties to it, that the transaction was intended to be a sale and whether the agreement was intended to secure the price. In support of this, Link Machinery Co. v. Trust Co., 227 Pa. 37; In re Gehris Herbine Co., 188 Fed. Repr. 502, and Am. Car Co. v. Altoona, etc., R. R. Co., 218 Pa. 519, are cited. After an examination of these cases we feel that they did not decide that under all the circumstances in an action of this kind the question of title must be submitted to the jury. In the case before us the agreement upon its face is clearly a bailment: Stiles v. Seaton, 200 Pa. 114; Ditman v. Cottrell, 125 Pa. 606; Painter v. Snyder, 22 Pa. Superior Ct. 603. The oral testimony adduced did not warrant the finding that the terms of the agreement were varied or that there was any other arrangement than that as clearly stated in the contract. It being therefore a bailment by the terms of the writing and not a sale the title remained in the bailor, even as against creditors: Rowe v. Sharp, 51 Pa. 26,

The reasons given by the learned trial judge in refusing a new trial and to judgment n. o. v. fully justified the conclusions he reached and the judgment entered by him is affirmed.