# Union Mattress Machinery Company, Appellant, *v.* Jachnovitz.

*Bailment—Conditional sale—Lease of machine—Passing title.*

An instrument in writing is to be construed as a bailment and not a conditional sale, where the instrument on its face is called a lease, and its provisions are that the lessee is to have the use of a patented machine for two years from a date designated, that he is to pay a certain sum in monthly installments, "until the machines are paid for as herein specified," that in default of payments the lessor may distrain for the rent or declare the lease at an end, but without any provision that the lessee may become the owner of the machine after paying the installments or rent.

Argued Oct. 10, 1913. Appeal, No. 36, Oct. T., 1913, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1911, No. 3,654, on verdict for defendants in case of United Mattress Machinery Company v. N. Jachnovitz and Louis I. Cohen, trading as Philadelphia Bedding Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Replevin for machinery. Before McMICHAEL, P. J.

The case turned on the question of whether a certain instrument in writing was a bailment or conditional sale.

The instrument in writing in question was as follows:

"Know all men by these presents, that the undersigned United Mattress Machinery Company, a corporation with its principal office at 17 Milk Street, Boston, Mass., of the first part, and Phila. Bedding Company, of No. 237 S. 2nd Street, in the city of Philadelphia, in the state of Pennsylvania, of the second part, have agreed and do hereby agree as follows:

"That in consideration of $1.00 and the covenants and agreements hereinafter to be performed by the second party, the first party has granted and hereby does grant unto the second party, license to use one

Patented Machine of the Thompson Vertical Top Pattern, for filling mattresses, and one Sewing Machine and Table of the Sliding pattern, under the several patents owned by the party of the first part, for a period of two years from the date hereinafter mentioned.

"Said power machines to be delivered f. o. b. cars at the city last above mentioned, and an operator furnished by the party of the first part to superintend the installation and instruct a competent person to operate said machines.

"The covenants and agreements specified as a part of the consideration hereof to be kept by the second party are as follows:

"First: That the party of the second part shall receive the machines upon their arrival, paying the freight, and transfer them to his factory, delivering them upon the spot upon which they are to be set up, free of all expense to the party of the first part. The party of the second part shall furnish a suitable place for, and transmit the necessary power to said machines, also furnish competent assistance in their installation, placing the man who is to take the responsibility of and operate the machines under the immediate and continuous charge of the person installing machines, thereby devoting his entire time and attention to learning all points pertaining to same.

"Second: That party of the second part shall use these machines at the place of their installation at the street and number in the city last aforesaid, and at no other place or places, and by no other person or persons than the party of the second part, or their regular employees, without the written consent of the party of the first part.

"Third: That the party of the second part shall, at all times, at his expense, keep the said machines insured against loss by fire or water for $600, same to be made payable to the party of the first part upon the

face of the policy, and in case of loss or damage to immediately notify the party of the first part, and give his opinion of the extent of loss and cost of repairs, and also have two expert machinists make bona fide bids for the replacing of machines in as good condition as before the damage, and acceptable to the party of the second part; said bids and estimates to be confidential to the party of the first part.

"Fourth: That the party of the second part shall maintain said machines and keep them in repair except the ordinary wear and tear occasioned in their proper use, and shall, at the expiration of this lease, deliver them in good order to the party of the first part, at its factory, to be designated by the party of the first part at the time of said return.

"Fifth: That the party of the second part shall pay to the first party, or order, the sum of One Thousand Dollars (1000.00), in monthly installments, in advance, as follows:

"Two hundred dollars upon receipt of the machines, and $25.00 each and every month thereafter until the expiration of this lease, and until the machines are paid for as herein specified.

"Sixth: That the party of the second part agrees that upon the nonpayment of the whole or any portion of said rent, at the time that the same shall be due, and upon failure to keep any and all of the covenants and agreements above mentioned, the party of the first part may, at its election, either distrain for said rent due or declare this lease at an end. It is further agreed that the expense of recovering possession and the return of said machines to the party of the first part, as specified in art. 4, shall be paid by the party of the second part."

The defendants defaulted after making one payment, and this action of replevin was then brought.

The court construed the writing as a conditional sale and directed a verdict for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in refusing plaintiffs, motion for judgment n. o. v.

*Morris Wolf*, with him *Horace Stern*, for appellants.— The writing constituted a bailment: Crist v. Kleber, 79 Pa. 290; Jones v. Wands, 1 Pa. Superior Ct. 269; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187; L. C. Smith & Bro. Typewriter Co. v. Alleman, 199 Fed. Repr. 1; Rowe v. Sharp, 51 Pa. 26; Enlow v. Klein, 79 Pa. 488; Ditman v. Cottrell, 125 Pa. 606; Lippincott v. Scott, 198 Pa. 283; Stiles v. Seaton, 200 Pa. 114; Lippincott v. Holden, 11 Pa. Superior Ct. 15; Potter v. Stetson, 11 Pa. Superior Ct. 627; Harris v. Shaw, 17 Pa. Superior Ct. 1; Painter v. Snyder, 22 Pa. Superior Ct. 603; Porter v. Duncan, 23 Pa. Superior Ct. 58; Euwer v. Greer, 29 Pa. Superior Ct. 262; Groves v. Lewis, 53 Pa. Superior Ct. 511; Reading Automobile Co. v. DeHaven, 53 Pa. Superior Ct. 344; Liquid Carbonic Co. v. Quick, 182 Fed. Repr. 603; Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Morgan-Gardner Electric Co. v. Brown, 193 Pa. 351; Farquhar v. McAlevy, 142 Pa. 233; Ott v. Sweatman, 166 Pa. 217.

*Charles H. Ortt*, with him *Carr, Beggs & Steinmetz* and *J. Howard Reber*, for appellees, cited: In re Hartdagen, 26 Am. Bankcy. Reps. 532; Bretz v. Diehl, 117 Pa. 589; Stadtfeld v. Huntsman, 92 Pa. 53; Brunswick & Balke Co. v. Hoover, 95 Pa. 508; Farquhar v. McAlevy, 142 Pa. 233.

OPINION BY ORLADY, J., February 20, 1914:

The plaintiff issued a writ of replevin for a mattress filling and sewing machine with table, and alleges in its statement of claim that these articles had been leased under an agreement in writing, the terms of which had

been breached by the defendants, by reason of which the plaintiff was entitled to resume their possession. No facts are in dispute, and the only question is whether the written agreement under which the articles in question were delivered to the defendants constituted a bailment or a conditional sale. The trial judge interpreted the writing as providing for a sale upon condition, that it was to be paid for as provided by sec. 5 of the agreement, which is as follows: "That the parties of the second part (the defendant) shall pay to the first party (plaintiff), or order, the sum of $1,000, in installments in advance, as follows: $200 upon receipt of the machines, and $25.00 each and every month thereafter until the expiration of this lease, and until the machines are paid for as herein specified," and directed the jury to render a verdict in favor of the defendants. The fifth paragraph in the agreement does not necessarily determine the tenor of the instrument. It is to be considered in connection with the other provisions, and is to be construed as a whole to determine the will of the parties as expressed by the writing. They call it a lease in terms, by which the first party grants to the second party, "license to use a patented machine then owned by the first party" for a definite period, two years from December 14, 1910. The defendants agree to furnish an expert workman to learn all points pertaining to the machine, under the charge of the person installing the machine and to keep it in repair, except for ordinary wear and tear, and at the expiration of the lease to deliver the machine to the company. They further agree to pay the installment of $25.00 each month "until the expiration of this lease" and if they do not pay the whole or any portion of the rent or violate any other covenant the plaintiff company "may at its election either distrain for said rent due or declare this lease at an end."

By apt words the parties provided for a mere license to use the machine for a definite period upon specific

terms. No title passed at the time the machines were placed in the possession of the defendant, and there is no provision that they may become the owners of the · machines after paying the installments or rent, as is usual in the case of bailment of this character. As was said in Crist v. Kleber, 79 Pa. 290, possession under a mere bailment for hire is not a constructive fraud; otherwise much of the business of men would be ended, and the poorer the bailee the less would be his ability to hire the use of property needful to him. Which has been quoted with approval in American Car & Foundry Company v. Altoona, etc., R. R. Co., 218 Pa. 519; Jones v. Wands, 1 Pa. Superior Ct. 269; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187. In Kelly Springfield Road Roller Co. v. Schlimme, 220 Pa. 413, it was said: The lease or bailment was to preserve the ownership of the bailor until the full consideration money was paid. The plaintiff company did not intend the title to the machines to pass from it until that event had occurred, and, under our decisions, the contract entered into by the parties was legitimate and legal for that purpose. The plaintiff could enforce the payment of the several installments as they severally became due by an action at law. This would be in affirmance of the contract and would give the plaintiff the right to retain the possession of the machines. If, however, the plaintiff company desired to rescind the contract and repossess itself of the machines, it was fully authorized to do so by the terms of the agreement, on a breach thereof by the defendant failing to make any one or all of the payments as stipulated in the contract.

The question involved in this case was fully considered and disposed of in Auto Co. v. DeHaven, 53 Pa. Superior Ct. 344, and we feel that the court below erred in holding the writing to be a conditional sale; the alleged modification of its terms did not in any way change its character. See Goss Printing Press Co. v. Jordan, 171 Pa. 474.

For the reasons herein given the judgment is reversed, the record to be remitted to the court below and there judgment to be entered in favor of the plaintiff for the value of the machines as agreed upon, to wit: $800.