# Price *versus* McCallister.

1. A billiard table rented by the month, and used in a saloon rented from a third party, is liable to distress for rent due such third party.
2. Where one had rented a billiard table at the rate of ten dollars per month, with agreement that when the rents paid should amount to a certain sum, it should be the property of the lessee, and the table was delivered in pursuance of said contract; held, that it was a contract of purchase and not of lease, and that the title to the table thereby vested in the lessee.

ERROR to the District Court of *Philadelphia*.

This was an action of replevin brought by Thomas Price, plaintiff in error, who was plaintiff below, against Charles McCallister and Wells Walton, defendants in error, who were defendants below, for a billiard table which was rented by

[Price *v.* McCallister.]

Halfman & Newman, tenants of the defendant McCallister, and keepers of an hotel and billiard saloon, from Thomas Price, the plaintiff, to whom it was to be sold when he had paid a certain sum, which table was distrained by McCallister for rent due from Halfman & Newman. To the plaintiff's declaration the defendants filed their avowry, and the cause was submitted to the court below, upon a case stated, setting forth the above facts, upon which, after argument, the court entered judgment for the defendants, and this is the error complained of.

*Bryan* and *Mundy,* for plaintiff in error, cited 2 McCord, 39; *Cadwallader* v. *Tindall,* 8 Har. 422, act 8 March, 1825; *Beetzhover* v. *Walton,* 1 W. & S. 416; *Clifford* v. *Beems,* 3 Watts, 246; *Brown* v. *Simms,* 16 S. & R. 138.

*George Junkin,* Jr., for defendants in error.

The general rule is, that all personal chattels found on the premises may be distrained for rent, whether they are the chattels of the tenant or of a third person. Smith on Land. and Ten. 183 (142*). To this there are three general exceptions: 1st. Fixtures. 2d. Chattels placed on the premises "to be wrought, worked up, or managed in the way of the tenant's trade or employment." As in the case of tailor, warehousekeeper, boarding house keeper, livery stable, &c. Smith on Land. and Ten. 187 (145*); *Brown* v. *Simms,* 17 S. & R. 138; *Riddle* v. *Welden,* 5 Wh. 9; *Cadwallader* v. *Tindall,* 8 Harris, 422; *Youngblood* v. *Lowry,* 2 McCord, 39; *Stone* v. *Matthew,* 7 Hill, 423. 3d. Where the chattel is actually in some person's hands.

The opinion of the court was delivered February 1st, 1859, by

WOODWARD, J.—This case falls within the general rule that subjects goods and chattels found on demised premises to distress for rent, and is not within any of the established exceptions to that rule.

One of these exceptions is in favor of chattels placed on the premises to be wrought, worked, or managed in the way of the tenant's trade or employment (Smith's Landlord and Tenant, 187; *Cadwallader* v. *Tindall,* 8 H. 422), but this billiard table was not brought upon these premises for any such purpose. It was there as a part of the plaintiff's capital in trade, to be used for their advantage and profit, and for no other purpose.

And they were not renters of the table. They had a property in it; the price they were to pay had been fixed, the only peculiarity about their purchase being that until they paid the price they were to pay ten dollars a month for the use of it. It

had been delivered to them in pursuance of this contract of purchase, so that instead of likening it to the case of a tenant taking the goods of a customer to be stored, improved, or used for the benefit of the owner; it is the case of a tenant's own personal property seized to pay his over-due rent.

The judgment is affirmed.