## Cobb & Chase, Appellant, v. A. Deiches & Co.

*Bailment—Sheriff's sale of leased chattels as bailee's property.*

The title to chattels leased under a bailment for use, does not pass by a
sheriff's sale upon execution. against the bailee, so as to vest in the
sheriff's vendee the lessee's option to purchase, which was dependent
upon the performance of obligations imposed by the lease, where failure
of the latter has entailed a forfeiture of the former, prior to such sheriff's
sale.

No right of the bailor could be affected by the sheriff's sale and where
the right of the bailor is to retake the leased property for failure on the
part of the lessee to fulfill the obligations of the lease, the assertion of
such a right is not to invoke a forfeiture but to enforce a contractual ob-
ligation expressed in words and implied in law.

Argued Feb. 17, 1898. Appeal, No. 22, Feb. T., 1898, by
plaintiff, from judgment of C. P. Potter Co., March T., 1896,
No. 33, on verdict for defendant. Before RICE, P. J., WICK-
HAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Replevin. Before OLMSTED, P. J.

The following facts appear from the evidence on the trial as
recited in the opinion of the court below refusing to show
cause why a new trial should not be granted.

On the 20th day of November, 1894, the plaintiffs entered into an agreement with one William Hicks, by the terms of which they leased a pair of horses and a harness to said Hicks for the term of eleven months, the said Hicks agreeing to pay the plaintiffs the sum of $365, on dates, as provided in said instrument, and if at the expiration of said lease the full sum of $365 has been paid the said Hicks might become the purchaser and the said sum of $365 with interest from date of lease, was to be the purchase price of the same. That this contract was a bailment, was conceded by both parties to this action.

Upon this agreement there was paid to plaintiffs by Hicks $150 at the date thereof and on the 20th of April, 1895, $25.00 was paid and on the 24th day of July, 1895, $50.00 was paid, and on the 25th of November, 1895, $50.00 was paid. The aggregate of payments being $275, $50.00 of the same being paid to plaintiffs and receipted by them one month after the whole amount had become due and demandable according to the terms of the agreement. The plaintiffs took no steps to terminate this agreement or retake the property, and while so situated the defendants in this case issued an execution against Hicks, levied upon the property, sold it and became the purchasers and took the property into their possession. The defendants then promptly tendered to the plaintiffs the amount due to them upon the agreement of the 20th of November, 1894, with William Hicks.

No question was raised upon the trial over the fact of the tender, its legality or the sufficiency of the amount. The plaintiffs refused the tender and on the 30th of December, 1895, brought this action of replevin to recover the possession of the horses and harness, the subject of the bailment.

The court charged the jury as follows :

[In the view we take of this case the plaintiffs cannot recover.] [1] A sharp construction of this lease perhaps woi⁫⁚ give him a legal right to, but the equities are so strongly against him that we can hardly think we ought to construe this lease or construe the decisions made under this class of cases so as to enable the plaintiffs to recover.

He received $275 upon this lease, the remaining interest and the harness was then sold out at constable's sale and purchased

in by this defendant Deiches.    [Before this suit was brought the plaintiffs were tendered the balance of the money on this lease.] [2]    [We think he does not now stand in a position where he can recover more than that], [3] and [with your permission we will take your verdict for the defendant.] [4]

Verdict and judgment for defendant.    Plaintiffs appealed.

*Errors assigned* were (1–4) to portions of judge's charge, reciting same.

*J. N. Peck* of *Peck & Stone*, with him *Mullin & Seibert*, for appellant.—The lease of the horses to Hicks was a bailment for use, with an added option to purchase upon performance of certain conditions, and not a conditional sale : Enlow v. Kline, 79 Pa. 488; Ott v. Sweatman, 166 Pa. 217; Jones v. Wands, 1 Pa. Superior Ct. 269.

None of the circumstances which have been held to make contracts similar to this in their main features, conditional sales, exist here.    The rental is payable in instalments, as rental, during the term, and not in a gross sum, at the expiration of the term; and the fact that the entire rental corresponds with the value of the horses stated at the beginning of the lease does not affect the nature of the contract, for in the first place, that value was stated simply in order to afford a basis for the estimation of damages, in case the property was injured, or the bailor elected to sue for the rental, instead of retaking the horses; and in the second place it was not the purchase price at all; for that included also interest on the rental from the date of the contract.

No title passed to the bailee; and consequently his creditors had no right to levy upon and sell the property bailed.

The bailee in a bailment for use, has no title which he can pass to his vendee, until all the conditions of sale are performed: Chamberlain v. Smith, 44 Pa. 431; Rowe v. Sharp, 51 Pa. 26: Miller Piano Co. v. Parker, 155 Pa. 208.

The creditors had no right to levy upon and sell the property bailed as the property of the bailee: Stoddart v. Price,. 143 Pa. 537.

The bailment was not a fraud on the creditors of the bailee so as to entitle them to levy on the property bailed: Myers v. Harvey, 2 P. & W. 478.

The acceptance by the bailor of the $50.00 did not vest in the bailee any title to the property bailed; and consequently conferred no right upon his creditors: Crist v. Kleber, 79 Pa. 290; Cope v. Singer Mfg. Co., 1 Mona. 650.

The acceptance of the $50.00 was merely an acceptance of unpaid rent, and not a waiver of any substantial right of the bailor.

*W. I. Lewis* of *Larrabee & Lewis*, for appellees.—These contracts are really sales and intended as such, but are ingenious and useful means of securing the bailor or seller his price, or a return of the property.

We submit that to protect the vendor the courts have gone quite far enough in these cases. They have construed a contract which we all know is made and intended as a sale, into a bailment, so far as to protect the seller. These plaintiffs seek to carry the principle too far.

As to our right to sell Hicks's interest in this property, we will cite Edwards' Appeal, 105 Pa. 103: "If the bailee has paid part of the price, his interest in the goods may be taken in execution, but this will not affect the bailor's title."

It is submitted that when the price was paid or tendered the plaintiffs had no right to demand possession: Brown Bros. v. Billington, 163 Pa. 76; Goss Printing Press Co. v. Jordan, 171 Pa. 474.

Opinion by Porter, J., April 25, 1898:

We are of opinion that the written agreement upon which this case arises is a bailment for use, and not a conditional sale of the chattels described therein. So clear is this proposition that we are impelled neither by necessity nor inclination to demonstrate it by a review of the many reported cases.

The only provision in the agreement which is perhaps not usual, is that the lessee shall be liable in case of injury to, or death of, the animals leased. In Rowe v. Sharp, 51 Pa. 26, the lessee agreed to keep the goods insured. The Supreme Court did not regard this feature of the case as worthy of comment. Here the lessee agreed in effect to become himself the insurer. We find nothing in this to indicate that the title to the property leased was intended to vest in the lessee.

This property was not attempted to be sold by the sheriff until there had been defaults by the lessee. After these defaults, and after the expiration of the term of the lease, the lessor accepted payment of a sum of $50.00 from the lessee. This is in our opinion to be construed only as a payment on account of the rent in arrear. It does not of itself imply that the terms of the lease were extended or that the option to buy the property was not gone by reason of previous defaults.

The option to buy was dependent upon the performance of the obligations imposed by the lease. Failure in the latter entailed forfeiture of the former.

It is however argued that under the authority of Edwards' App., 105 Pa. 103, the purchasers at the sheriff's sale acquired the lessee's right to pay the balance which would make up the amount of the stipulated purchase money. It does not appear in this case that the sheriff sold or the defendants bought "the bailee's interest" under the contract. The title to the specific chattels was attempted to be passed by the sale. But even if the bailee's interest were specifically sold, under Edwards' App., supra, " no right in the bailor will thereby be extinguished." Here the right of the bailor was to retake the leased property for failure on the part of the lessee to fulfill the obligations of the lease. To assert this right was not to invoke a forfeiture, but to enforce a contractual obligation expressed in words and implied in law: Jones v. Wands, 1 Pa. Superior Ct. 269. We are therefore of the opinion that the defendants took no title under the sheriff's sale.

It must be remembered that the defendants bid at the sale with notice of the plaintiffs' claim of title, and while the result we have reached may seem to give to the lessor an undue advantage in this particular case, it is but the enforcement of his rights under his contract and the logical and necessary application of a rule of law which has been adopted by the courts because of its beneficence in general application.

The assignments of error are therefore sustained; the judgment of the court below is reversed, and a venire facias de novo is awarded.