## Painter *v.* Snyder, Appellant.

*Bailment—Conditional sale—Lease of piano.*

A piano was delivered by a dealer to a customer under a written agreement for a definite term at a fixed rental, payable in installments upon days certain.   The lease was terminable at any time at the will of the lessors, with an additional provision that if the installments of rent should

be promptly paid as they became due until they amounted to a sum stated, the piano should become the property of the lessee. The lease contained an express covenant upon the part of the lessee to return the property to the lessors upon demand. There was this further provision: "All payments made are for rent and use of instrument, and do not in any way apply to purchase." *Held,* that the contract was a bailment, and not a conditional sale.

*Affidavit of defense—Promissory note—Replevin.*

In an action of replevin to recover a leased piano, an affidavit of defense which avers that "defendant did give a promissory note, which was accepted by said plaintiffs in full settlement for purchase of said piano," is insufficient for .the reason that it does not state who was the maker of the note, nor the amount nor date thereof.

*Replevin—Affidavit of defense—Assessment of damages—Act of April* 19, 1901, *P. L.* 88.

Under the Act of April 19, 1901, P. L. 88, the mere entry of judgment in replevin for want of a sufficient affidavit of defense, is not error. Such judgment will operate to forfeit any counter bond given by the defendant. If the plaintiff desires to proceed for the value of the goods, instead of by writ of retorno habendo to recover the specific chattels, he must first resort to a writ of inquiry for the assessment of damages. The plaintiff cannot assess damages himself without pursuing the statutory remedy.

Argued Dec. 10, 1902. Appeal, No. 157, Oct. T., 1902, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1902, No. 504, discharging rule for judgment for want of a sufficient affidavit of defense in case of E. J. Painter and L. K. Ewing, trading as Painter & Ewing, v. William A. Snyder and Edwin A. Anderson. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Replevin for a piano.

From the record it appeared that the piano was leased to defendant under the following agreement in writing:

"PHILADELPHIA, Pa., January 28, 1899.

"This is to certify, that I have this day hired from Painter & Ewing, one piano bearing the name of Painter & Ewing, Style B, No. 6350, for the term of seven months from date hereof, and for the use of said piano for the said term, I agree to pay Painter & Ewing two hundred and fifty dollars, as follows: Twenty-five dollars now in hand, ten dollars on the 28th day of February, March, April, May, June, July, 1899, and the residue one hundred sixty-five dollars on the 28th day of August,

1899. I further agree to deliver said piano to Painter & Ewing, or their authorized agent, in as good condition as when received (ordinary wear excepted) whenever they shall require or demand the same, provided the money paid in advance for time not yet expired, if any, be refunded, and also that said piano shall not be removed for any use or purpose whatever (except from danger of fire) from the premises I now occupy at 73 East Penn Street, Germantown, Philadelphia, Pa., without the written consent of Painter & Ewing. I also further agree that if the said piano by fire or otherwise, be wholly or partially destroyed, to pay the amount of damages sustained thereby to Painter & Ewing."

The defendant, Snyder, received the following paper when the piano was delivered to him

" This instrument is hired with the understanding that when the payments of rent have been made promptly, and have amounted to the value of the instrument, it becomes the property of the person so hiring it. All payments made are for rent and use of instrument and do not in any way apply to purchase."

" PHILADELPHIA, January 28, 1899.
" Received of W. A. Snyder
" Twenty-five          & 00/100          dollars
Style .    .    .    .    . No.    .    .    .    .    . Value    .    .    :    .    .
" $25.00                              PAINTER & EWING."

The defendant filed an affidavit of defense denying title in the plaintiff.

A supplemental affidavit was as follows:

Edwin Anderson, one of the defendants in the above case, being duly sworn deposes and says, that as an additional supplement to the defense hitherto filed in this case, deponent saith that at the time said piano was purchased by said Snyder, said Snyder did give a promissory note, which was accepted by said plaintiffs in full settlement for the purchase of said piano. Deponent further saith that said Snyder did subsequently make payments upon said note, which note was renewed. Deponent further saith that the said Snyder at the time said piano was purchased made a distinct agreement with the said plaintiffs that the said purchase was absolute. Deponent further

saith that said Snyder made payments upon said note as late as the early part of the year 1901, which payments were accepted by the said plaintiffs on account of the indebtedness of said Snyder for the purchase of the said piano as aforesaid.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

After judgment was entered plaintiffs filed assessment of damages for $200.

*Error assigned* was order making rule for judgment absolute.

*C. Oscar Beasley*, for appellants.—It has been held that if in the lease of bailment there was not a positive covenant on the part of the bailee to return the goods hired, the transaction is not a bailment: Farquhar v. McAlevy, 142 Pa. 243.

It has been held that a sale with an agreement that the title should remain in the owners until all the payments should be made will enable the creditors to sell the goods for the vendee's debts : Patterson v. Stevenson, 2 Pearson, 205.

In the case at bar plaintiff has taken judgment in cash for the amount of the bond entered without proving his damages. This was error : Lewis v. Bonnert, 12 Pa. C. C. Rep. 366.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellees.—The contract in this case was clearly a bailment, and no title passed to Snyder: Potter v. Stetson, 11 Pa. Superior Ct. 627 ; Lippincott v. Scott, 198 Pa. 283 ; Stiles v. Seaton, 200 Pa. 114 ; Jones v. Wands, 1 Pa. Superior Ct. 269 ; Farquhar v. McAlevy, 142 Pa. 233 ; Enlow v. Klein, 79 Pa. 488.

OPINION BY W. D. PORTER, J., May 4, 1903 :

The plaintiffs in this action of replevin filed a declaration, verified by oath, setting forth the facts upon which their title to the goods and chattels in question was based, as required by the Act of April 19, 1901, P. L. 88. The declaration averred that the plaintiffs had leased a piano to Snyder by an agreement in writing, a copy of which was annexed. This agreement was a lease of the piano for the definite term of seven months from January 28, 1899, and by its terms the lessee agreed to pay for the use of the piano for said term the sum of $250, payable in installments, the last of which be-

came due on August 28, 1899. The agreement contained a
covenant on the part of Snyder to surrender the piano to
Painter & Ewing at any time the latter might demand the
same, "provided the money paid in advance for time not yet
expired, if any, be refunded." One of the defendants, Ander-
son, filed an affidavit setting forth that he had purchased the
instrument from Snyder, without notice of the terms of the
lease, and, further, that the agreement annexed to the decla-
ration had been accompanied by a contemporaneous agreement
in writing, which provided that when the payments of rent had
been promptly made, and amounted to $250, the instrument
should become the property of Snyder. A copy of this con-
temporaneous written agreement was set forth in a supple-
mental affidavit of defense, and substantially embodied the
provisions stated in the original affidavit of defense. Taken
together these written instruments constitute a lease of the piano
for a definite term at a fixed rental, payable in installments
upon days certain, but the lease was terminable at any time at
the will of the lessors, with an additional provision that if the
installments of rent should be promptly paid as they became
due until they amounted to $250, the piano should become
the property of the lessee. The lease contained an express
covenant, upon the part of the lessee, to return the property to
the lessors upon demand; even had this covenant not been in-
corporated, the hiring being for a definite term the lessors could
at the expiration of that period avail themselves of the proper
legal remedy to obtain possession of the property. There was,
therefore, no necessity for the incorporation of a covenant to
return the property to the lessors at the end of the term. The
contemporaneous written agreement upon which the defendant
relied contained this provision : "All payments made are for
rent and use of instrument and do not in any way apply to pur-
chase." This was a bailment and not a conditional sale: Enlow
v. Klein, 79 Pa. 488 ; Edwards's Appeal, 105 Pa. 103; Farquhar
v. McAlevy, 142 Pa. 233 ; Lippincott v. Scott, 198 Pa. 283 ;
Stiles v. Seaton, 200 Pa. 114; Potter v. Stetson & Co., 11 Pa.
Superior Ct. 627 ; Jacob v. Groff, 19 Pa. Superior Ct. 144.
The allegation of the additional supplement affidavit of defense,
that "Snyder did give a promissory note, which was accepted
by said plaintiffs in full settlement for the purchase of said

piano," is insufficient for the reason that it does not state who was the maker of the note, nor the amount nor date thereof.

There was no error in the mere entry of judgment against the defendants for want of a sufficient affidavit of defense. The form and effect of such a judgment is regulated by the 5th section of the Act of April 19, 1901, P. L. 88. The judgment shall operate to forfeit any counterbond given by the defendant. If the plaintiff desires to proceed for the value of the goods, instead of by writ of retorno habendo to recover the specific chattels, he must first resort to a writ of inquiry for the assessment of damages. The plaintiffs attempted to assess their damages without pursuing the remedy given by the statute; this was an irregularity.

The assessment of damages is stricken off, and the record remitted with a procedendo.