# Heisley *v.* Economy Tool Manufacturing Company, Appellant.

*Replevin—Statement of claim—Act of April* 19, 1901, *P. L.* 88— *Affidavit of defense—Bailment.*

A declaration in replevin under the Act of April 19, 1901, P. L. 88, is sufficient which avers that plaintiff was an assignee of bailment leases for the chattels in question, that default had been made in payment of rent reserved, that the bailee had become bankrupt, and that the chattels in violation of the terms and provisions of the leases had been disposed of and delivered wrongfully to the defendant, and that demand for their surrender had been refused by the defendant.

Under the Act of April 19, 1901, P. L. 88, it is not necessary for the plaintiff in replevin to anticipate in his statement of claim the defense which may be set up and traverse it. All that the plaintiff is required to do is set to forth clearly and fully his title with an averment of wrongful dispossession.

No title is acquired by one who purchases in good faith from a mere bailee.

In Pennsylvania there is no market overt, and a purchaser cannot get title to personal property by buying and paying for it to a person who has no title.

Argued Oct. 18, 1906.    Appeal, No. 158, Oct. T., 1906, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1906, No. 3,506, making absolute rule for judgment for want of a sufficient affidavit of defense in case of H. E. Heisley v. the Economy Tool Manufacturing Company and the Philadelphia Boat & Engine Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD JJ.    Affirmed.

Replevin to recover possession of a planing machine and a lathe.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

The said defendant did not derive title to either the planing machine or the lathe described in the plaintiff's statement of claim from the Economy Tool Manufacturing Company, or from either of the two lessors named in said statement, but did

derive title and the right of possession to said two machines from a partnership known as the Philadelphia Boat and Engine Company, consisting of deponent, Henry L. Blatz and Jacques Stiegelmann, which partnership became the corporation defendant on March 10, 1905, by virtue of a charter obtained under the laws of the state of Delaware on said date. Prior to March 10, 1905, said two machines formed part of the assets of the aforesaid partnership. Said two machines became the property of said partnership on September 19, 1903, as part of the contribution of the said Jacques Stiegelmann to said firm, prior to which time the said Jacques Stiegelmann was in possession and use of said two machines in connection with the business then carried on under the name of the Laurel Machine Works on the premises in the rear of No. 1015 North Front street in the city of Philadelphia, on which premises. the said two machines remained continuously from September 19, 1903, until they were taken by the sheriff of the county of Philadelphia in obedience to the writ of replevin issued in this case.

At the time when said two machines were transferred and delivered to the said defendant by the partnership aforesaid the plaintiff had no right, title or interest therein, and both said defendant and its predecessor, the partnership aforesaid, had no notice or knowledge of the existence of the two leases attached to and made part of the statement of the plaintiff's claim filed herein; nor did said partnership at the time of its formation on September 19, 1903, have any notice or knowledge of the existence of said two leases. On April 14, 1903, the Economy Tool Manufacturing Company was adjudicated bankrupt and by virtue of said adjudication all right, title and interest of said Economy Tool Manufacturing Company in said two machines, if any it had, passed either to the trustee of its estate in bankruptcy or reverted to the respective lessors of said two machines.

Deponent further avers that the said defendant had no knowledge or notice of the plaintiff's alleged claim to said two machines until some time in the month of April, 1906, or more than a year after said two machines had come into the possession of said defendant. Prior to the making of the plaintiff's demand for said two machines, as set forth in his statement of

claim, said two machines had been continuously, openly and notoriously in the possession of said defendant and of its predecessor, the partnership above mentioned, since September 19, 1903, from and after which date no claim or demand was made either by the trustee in bankruptcy of the Economy Tool Manufacturing Company or by the lessors named in the leases attached to the plaintiff's statement of claim or by the plaintiff in this case for possession of said two machines, or for rent for the same, or for compensation for the use thereof, until the demand made by the plaintiff as set forth in his statement of claim.

Said defendant therefore denies that the plaintiff has any right, title or interest in either of said two machines, but, on the contrary, avers that it will prove its title thereto as above set forth at the trial of this case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Wm. Y. C. Anderson*, for appellant.—The plaintiff's declaration does not comply with section 4 of the Act of April 19, 1901, P. L. 88: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

It is submitted that the affidavit of defense was so far responsive to the declaration as to require that a jury determine the question of title which the Act of April 19, 1901, P. L. 88, declares to be the issue in all cases of this kind: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463 ; Twitchell v. McMurtrie, 77 Pa. 383.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellee. —The declaration meets the requirements of the statute and the decisions of this court: Act of April 19, 1901, sec. 4, P. L. 88 ; Painter v. Snyder, 22 Pa. Superior Ct. 603 ; Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

Caveat emptor applies. No title is acquired by one who purchases in good faith from a mere bailee : Hardy v. Metzgar, 2 Yeates, 347 ; Lecky v. McDermott, 8 S. & R. 500 ; Crist v. Kleber, 79 Pa. 290 ; Painter v. Snyder, 22 Pa. Superior Ct. 603 ; Nat. Cash Register Co. v. Cochran, 22 Pa. Superior Ct.

582; Hildeburn & Bro. v. Nathans, 1 Phila. 567; Miller Piano Co. v. Parker, 155 Pa. 208; Lamb v. Leader, 6 Pa. Superior Ct. 50.

OPINION BY MORRISON, J., March 5, 1907:

The action is replevin for the recovery of the possession of a planing machine of the value of $200, and a lathe of the value of $200. The writ was duly executed and the appellant entered a property bond and retained the machines. After declaration filed and an affidavit of defense on the part of the appellant, the court below on motion and argument granted judgment in favor of the plaintiff for want of a sufficient affidavit of defense. The assignments of error raise the question of the sufficiency of the declaration and of the affidavit of defense. We think the plaintiff's declaration is a concise statement of his cause of action, and that it calls for a sufficient affidavit of defense. The declaration avers that on July 10, 1902, George Woolerton was the owner and possessor of the planing machine, and on that day he delivered it to the Economy Tool Manufacturing Company under a written contract of bailment, for a definite term, and to be returned to him at the end of the term, on the failure of the bailee to comply with the terms of the bailment; that on March 6, 1906, the bailor duly assigned the written lease or bailment to the plaintiff, and copies of said lease and assignment are annexed and made part of the declaration. That on June 28, 1902, J. W. Cregar was the owner and possessor of the lathe, and on that date it was by writing leased and bailed to said Economy company, and on March 6, 1906, the bailor assigned said lease to the plaintiff, copies of said lease and assignment being annexed and made part of the declaration. The declaration further avers default in payment of a part of the rent reserved in each lease; that the full terms of said leases have long since expired, and that the said Economy Tool Manufacturing Company has been adjudicated a bankrupt. That in violation of the terms and provisions of said leases the said machines were disposed of and delivered wrongfully to the appellant; that demand had been made on the appellant for the surrender of said machines which demand was refused, and that plaintiff had sustained damages in the sum of $200 on each of said

machines by the unlawful detaining of the same by the appellant.

The affidavit of defense does not deny the ownership of the machines by the respective bailors, as stated in the declaration; does not deny the execution and delivery of the leases and the machines thereunder, as stated in the declaration; does not aver the payment of the rentals reserved in said leases, and does not set up any sufficient title or right of possession in the machines as against the bailor and his assignee. The declaration complies with the requirements of the act of assembly: Act of April 19, 1901, P. L. 88. The leases under which the assignors of the plaintiff parted with the machines were bailments, and not conditional sales: Painter v. Snyder, 22 Pa. Superior Ct. 603.

Under the Act of April 19, 1901, P. L. 88, it is not necessary for the plaintiff in replevin to anticipate in his statement of claim the defense which may be set up and traverse it. All that the plaintiff is required to do is to set forth clearly and fully his title with an averment of wrongful dispossession: Drumgoole, Appellant, v. Lyle, 30 Pa. Superior Ct. 463. The defendant or party intervening shall, within fifteen days after the filing of the declaration, file an affidavit of defense setting up the facts, denying the plaintiff's title and showing his own title: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463.

The present affidavit of defense contains no averment that defendant or anyone else purchased the machines from anybody having title thereto; no averment that any amount was paid on account of the rentals reserved in the leases. If defendant was a bona fide purchaser for value and had no notice of the bailment, it would not be sufficient, without more, to deprive plaintiff of the ownership and possession of the machines. No title is acquired by one who purchases in good faith from a mere bailee: Crist v. Kleber et al., 79 Pa. 290; Painter v. Snyder, 22 Pa. Superior Ct. 603; Nat. Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Miller Piano Co. v. Parker, 155 Pa. 208; Lamb v. Leader, 6 Pa. Superior Ct. 50.

The affidavit of defense sets up nothing to estop the bailor or his assignee, the plaintiff, from recovering the property. In Pennsylvania there is no market overt, and a purchaser cannot get title to personal property by buying and paying for it to a

person who has no title : Lecky v. McDermott, Administrator, 8 S. & R. 500. The affidavit of defense is wholly insufficient to meet the plaintiff's averments of title and right of possession, and, therefore, the learned court did not err in making the rule for judgment for want of a sufficient affidavit of defense absolute.

The assignments of error are dismissed and the judgment is affirmed.