## Barnett v. Fein, Appellant.

*Bailment—Lease—Option ·to purchase.*

1. A lease of a chattel with an option to purchase is a bailment.

2. An innocent purchaser for value of a leased chattel takes no other title than that of the bailee; and if the bailee defaults in performing the covenants of the lease, the bailor may recover the chattel by an action of replevin, from the purchaser.

Argued Oct. 13, 1909.  Appeal, No. 151, Oct. T., 1909, by defendants, from order of C. P. No. 3, March T., 1909, No. 3,941, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Barnett et al., trading as William Barnett & Sons, v. Charles Fein and William I. Greenfield.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Replevin to recover certain machinery.

Rule for judgment for want of a sufficient affidavit of defense.  Before McMICHAEL, P. J., and VON MOSCHZISKER, J.

The opinion of the Superior Court states the case.

424           BARNETT *v.* FEIN, Appellant.

Assignment of Error—Opinion of the Court.     [41 Pa. Superior Ct.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*David. Bortin,* with him *Jacob Singer* and *Emanuel Furth,* for appellants.—The gist in replevin is the present title or ownership: Lehman v. Gill, 19 Lancaster Law Rev. 279.

Briefly stated, plaintiffs' claim is that the chattels are owned by them and that they only parted with possession by leasing. The defendants' answer is that the plaintiffs are not the owners and that they purchased from one to whom the plaintiffs sold: American Soda Fountain Co. v. Egbert, 14 Pa. Dist. Rep. 426.

*Owen J. Roberts,* with him *Garrett A. Brownback,* for appellees.—If plaintiffs have title under the contract and the right to possession, a bona fide purchaser for value, and without notice, gets no better nor higher rights than the lessee: Miller Piano Co. v. Parker, 155 Pa. 208; Miller v. Douglas, 32 Pa. Superior Ct. 158; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218.

OPINION BY MORRISON, J., December 13, 1909:

This is an action of replevin. The plaintiffs' declaration sets forth that they own certain laundry machinery in their business as manufacturers thereof; that by lease dated September 10, 1908, the plaintiffs leased these chattels to one Constantine Dellas. A copy of the lease is attached to the plaintiff's declaration as exhibit "A." The affidavit of defense does not deny that this was a valid lease of the property. It is next averred that on November 30, 1908, Dellas, the lessee, assigned the lease to one Mike K. John with the consent of the plaintiffs and that Mike K. John, in an agreement with the plaintiffs, indorsed on the said lease, undertook and assumed all the payments and conditions stated in the said lease. A copy of John's agreement with the plaintiffs assuming the said lease is attached to the statement as exhibit "B." The declaration, therefore, avers the ownership of the property in the plaintiffs, with the right to possession and the

actual possession of the same in John, by virtue of the lease, the assignment thereof, and the written agreement by John with the plaintiffs, the lessors. The declaration then avers that John assigned his interest under the lease to Mannes and Horewitz, and that they subsequently, without the consent or knowledge of the plaintiffs, assigned their interest under the lease to the defendants. The declaration then avers a knowledge on the part of the defendants that at the time the property was assigned and delivered to them, that it was leased to Mike K. John by the plaintiffs. It is then averred that there is rent in arrear and possession demanded of the chattels as provided in the lease.

That these averments on their face, undenied, would entitle the plaintiffs to recover, and would support this judgment, no argument or authority is needed.

The affidavit of defense does not deny the original ownership of the goods by the plaintiffs, but denies that the plaintiffs are the present owners, and avers that the defendants are the owners because they "obtained title thereto by purchase for good and valuable consideration and without notice of the rights or equities of plaintiffs therein, as hereinafter set forth." The affidavit then denies any knowledge on the part of defendants of the existence of a lease dated September 10, 1908, between the plaintiffs and Dellas, or any other lease covering the articles and chattels named in the statement of claim, and then proceeds: "But on the contrary, avers that defendants have been informed and believe that the chattels above named were originally purchased by one Mike K. John (not stating from whom), and that as a result of said purchase, the said Mike K. John is indebted to the plaintiffs in the sum of $90.00." It is not stated how or why this indebtedness of $90.00 resulted from the original sale. The affidavit then avers that on February 24, 1909, Israel Mannes and Charles Horewitz sold and delivered to the defendants the articles claimed in plaintiffs' statement of claim for a consideration of $275, which included a number of other articles, fixtures, machinery, etc., not claimed by the plaintiffs; that at the time of said sale the said Mannes and Horewitz produced

to the defendants a bill of sale of the said articles from Mike K. John to them, duly executed by him and witnessed; of which sale defendants are informed plaintiffs had knowledge. That the said Mike K. John was fully aware and consented to the sale by Mannes and Horewitz of these chattels to defendants, although there was at the time due him by Mannes and Horewitz the sum of $270; that a copy of the bill of sale of these goods to defendants is hereto annexed and made a part of this defense. The affidavit then denies that defendants knew that said chattels were leased to Mike K. John and that he assigned the lease to Mannes and Horewitz; but on the contrary avers that the defendants are informed and believe that no lease was assigned to Mannes and Horewitz by John or anyone else, and that there was an outright sale of these chattels by John to Mannes and Horewitz, which sale took place with the knowledge of the plaintiffs. The affidavit then closes with the usual averment of its truth to the best of deponent's knowledge, information and belief and which defendants expect to be able to prove at the trial of the case.

We regard this affidavit as entirely insufficient to prevent judgment. It does not deny that the plaintiffs owned the property in question; does not deny that they leased it to Dellas, nor does it deny that Dellas assigned his lease to Mike K. John. It is true the defendants do deny knowledge of said lease and they aver that they have been informed and believe that the said chattels were originally purchased by one Mike K. John, but they do not state when or where or from whom he purchased said articles nor by what means they were informed that the chattels above named were originally purchased by John. The averment that at the time Mannes and Horewitz sold the goods to the defendants, a bill of sale of the same was produced from John to Mannes and Horewitz, duly executed and witnessed, of which sale defendants are informed plaintiffs had knowledge, is not material. It has already been seen that John held the goods under the original lease from plaintiffs to Dellas and there is no sufficient averment in the affidavit of defense to place any other or better title in John than he took under the Dellas lease.

Therefore, the making of an absolute bill of sale by John for property that he only held as a bailee, did not pass an absolute title to the same. Suppose the plaintiffs did have knowledge that John had made such a bill of sale, they would not thereby lose their title to the property, unless on the ground of estoppel, and the affidavit avers nothing to estop the plaintiffs from asserting their title.

The final averment that the defendants did not know that the property in question was held by John under a lease and that he assigned the lease to Mannes and Horewitz, and the averment that no lease was assigned but that there was an outright sale of these chattels by John to Mannes and Horewitz, is wholly immaterial. It is an unquestioned proposition of law in Pennsylvania that a man cannot make title to personal property which he does not own: Miller Piano Co. v. Parker, 155 Pa. 208; Lecky v. McDermott, 8 S. & R. 500.

The declaration squarely avers a bailment with an option to purchase. The court below held that the lease created a bailment of the property in question. A multitude of cases might be cited in support of that conclusion, but we only cite a few of them: Cobb v. Deiches & Co., 7 Pa. Superior Ct. 252; Potter v. Stetson & Co., 11 Pa. Superior Ct. 627; Harris v. Shaw, 17 Pa. Superior Ct. 1.

We discover nothing in the affidavit of defense placing any title in the defendants, except that of a bailee, which, at most, comes to them through Dellas and John. But the transfer of the lease down to defendants was without the consent of the plaintiffs, and, therefore, the terms of the lease were so violated in that respect, as well as by the nonpayment of the rent, that the bailors had the right to retake the property wherever they found it. That a purchaser for value, without notice, from a bailee obtains no other title but that of the bailee is settled law in this state. The bailee has no legal title to convey to such purchaser. At most, such purchaser would get no better title than that of the bailee. But if the bailee had failed to comply with the terms of the lease, under which he held the property, the bailors had the right to retake the property under the very terms of the bailment.

To assert this right was not to invoke a forfeiture, but to enforce a contractual obligation expressed in words and implied in law: Jones v. Wands, 1 Pa. Superior Ct. 269; Cobb v. Deiches & Co., 7 Pa. Superior Ct. 252. Upon the proposition that an innocent purchaser from the bailee could not get the bailor's title and right of possession to the property, we also cite: Miller Piano Co. v. Parker, 155 Pa. 208; Miller v. Douglas, 32 Pa. Superior Ct. 158; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218, and cases therein cited.

The affidavit of defense being clearly insufficient, the assignments of error are overruled and the judgment is affirmed.