## Groves *v.* Lewis, Appellant.

*Bailment—Conditional sale—Lease of piano.*

1. Where a contract imports on its face to be the lease of a piano and provides for the payment of certain installments of rent each month, and further provides that if the lessee desires to purchase the piano he may do so by paying $1.00 in addition after all the rent has been paid, the contract constitutes a bailment and not a conditional sale.

*Landlord and tenant—Distress—Seizure and sale of leased chattel off the premises—Notice—Act of May 13, 1876, P. L. 171.*

2. Where a piano leased under a bailment has been removed from a rented house, and after such removal has been seized and sold by the landlord for rent due by a tenant having no interest in the piano, the lessor of the piano may recover in replevin although he gave no notice to the landlord of his title as provided by the Act of May 13, 1876, P. L. 171.

3. Where a daughter leases a piano under a contract of bailment and places it in a house rented by her mother, the fact that the mother pledges the piano for rent in the presence of the daughter, who makes no objection, does not affect the title of the owner of the piano who had leased it to the daughter.

4. A purchaser at a sheriff's sale of a piano leased under a bailment takes only the interest of the lessee, and if that interest has ceased, he cannot hold the piano as against the lessor.

Argued March 5, 1913. Appeal, No. 1, March T., 1913, by defendants, from order of C. P. Lackawanna Co., Nov. T., 1909, No. 268, dismissing exceptions to report of referee in case of T. H. Groves v. W. H. Lewis and J. W. Guernsey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to report of F. W. Lidstone, Esq., referee.

From the record it appeared that the plaintiff had delivered to Nellie McGann, a piano, under a written agreement dated October 4, 1905, by which the piano was leased to Nellie McGann in consideration of her paying to plaintiff the sum of $150. "$25.00 to be paid as advanced rent

upon the execution of this agreement and the sum of $10.00 on the fourth day of November, 1905, and each and every month during the continuance of this lease, being the sum of $10.00 monthly in advance." It was also provided that if all the installments of rent should be paid, and the lessee should desire to purchase the piano, she could do so on the payment of $1.00 in addition. It was also provided that until such payments be made title should remain in the plaintiff. Other facts appear in the opinion of the Superior Court.

The referee reported in favor of the plaintiff.

Exceptions to report of the referee were dismissed by the court.

*Errors assigned* were in dismissing exceptions to report of referee.

*David C. Harrington,* for appellants.—The transaction as to the piano was a sale: Price v .McCallister, 3 Grant (Pa.), 248; Stadtfeeld v. Huntsman, 92 Pa. 53; Forrest v. Nelson, 108 Pa. 481; Brunswick v. Hoover, 95 Pa. 508; Ott v. Sweatman, 166 Pa. 217; Ladley v. United States Express Co., 3 Pa. Superior Ct. 149; Cooper v. Whitmer, 18 W. N. C. 376; Farquhar v. McAlevy, 142 Pa. 233; Kelley Springfield Road Roller Co. v. Spyker, 215 Pa. 332; Morgan-Gardner Electric Co. v. Brown, 193 Pa. 351.

*C. A. Van Wormer,* for appellee.—The contract between Groves and Nellie McGann was a bailment and no title could pass to Nellie McGann until the terms of said contract were fully complied with: Rowe v. Sharp, 51 Pa. 26; Goss Printing Press Co. v. Jordan, 171 Pa. 474; Brown v. Billington, 163 Pa. 76; Stiles v. Seaton, 200 Pa. 114; Miller v. Douglas, 32 Pa. Superior Ct. 158; Painter v. Snyder, 22 Pa. Superior Ct. 603; Rickar v. Koechling, 4 Pa. Superior Ct. 286; Jones v. Wands, 1 Pa. Superior Ct. 269; Newmoyer v. Piano Co., 2 Berks County, 195; Com. v. Leonard, 15 Luz. Leg. Reg. Rep. 41; Com. v. Mantia, 27 Lanc, Law Rev. 225.

Recovery may be had from third party to whom bailee had transferred property, without bailor's knowledge: Hardy v. Metzgar, 2 Yeates, 347; Rowe v. Sharp, 51 Pa. 26; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Ferguson v. Lauterstein, 160 Pa. 427; Cobb v. Deiches, 7 Pa. Superior Ct. 252; Crist v. Kleber, 79 Pa. 290.

OPINION BY MORRISON, J., April 21, 1913:

This is an action of replevin brought to recover a piano and a piano stool which are conceded to have been owned by the plaintiff on and prior to October 4, 1905. On the execution of the writ, the defendant, W. H. Lewis, gave a property bond and retained the replevined goods, and issue being joined, counsel for the respective parties agreed upon a trial before Fred W. Lindstone, Esq., referee, in pursuance of the Act of Assembly of April 6, 1869, P. L. 725. That act at its passage applied only to Bradford county but it is now conceded that it was subsequently extended to Lackawanna county.

The learned referee found as a fact, and it is conceded, that on October 4, 1905, the plaintiff leased the piano and stool to one Nellie McGann of the city of Scranton by an agreement signed, sealed and delivered by the parties thereto. The learned referee and the court below held that this agreement was upon its face one of bailment. In this conclusion we fully concur. It is further found that Nellie McGann had the piano taken to a dwelling house which belonged to Mrs. L. A. Lewis, wife of W. H. Lewis, which was occupied as a tenant by Sarah Ward, mother of Nellie McGann. That prior to September 1, 1909, Sarah Ward requested her landlord to release her from liability under her lease, for rent thereafter to accrue, and in the presence of Nellie McGann, bailee of the piano, agreed to leave the piano as security for rent to accrue. To this proposition Nellie McGann said nothing. On September 1, 1909, all rent due had been paid. The rent for the unexpired term was $276. Sarah Ward removed

her goods from the Lewis house on September 2, 1909, and left the piano. On September 3 the piano and stool were removed from the premises by J. W. Guernsey's agents and deposited in his warehouse. Thereafter W. L. Lewis, having no knowledge that the piano was claimed by Nellie McGann, caused judgment to be entered on the lease, against Sarah Ward, issued execution and had the piano and stool levied upon at Guernsey's warehouse and caused it to be sold by the sheriff as the property of Sarah Ward. On September 11, 1909, the piano and stool were sold by the sheriff to Lewis, he having no notice of the plaintiff's claim. The learned referee found on ample evidence that the plaintiff owned the piano and stool; that he leased it to Nellie McGann and that she had made default and that at the time Sarah Ward undertook to pledge the piano to Lewis for rent to accrue in the future, the plaintiff had a right to retake the piano and stool and that Sarah Ward had no interest in it whatever. The learned referee further found as a fact that the plaintiff had done nothing and nothing had happened to estop him from maintaining this action to recover possession of his piano and piano stool.

The first contention of the appellant's counsel is that the lease from the plaintiff to Nellie McGann was a conditional sale. The learned referee and the court below held that the contract between the plaintiff and Nellie McGann was a bailment and in this conclusion we concur, and we here cite some of the authorities upon that question: Stiles v. Seaton, 200 Pa. 114; Painter v. Snyder, 22 Pa. Superior Ct. 603; Euwer v. Greer, 29 Pa. Superior Ct. 262; Miller v. Douglas, 32 Pa. Superior Ct. 158; Goss Printing Press Co. v. Jordan, 171 Pa. 474; Link Machinery Co. v. Continental Tr. Co., 227 Pa. 37; National Cash Register Co. v. Shurber, 41 Pa. Superior Ct. 187. The learned counsel for appellant cites numerous cases from Price v. McCallister, 3 Grant, 248, down to Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332, but they are all easily distinguishable from the present case and in many

of them the decision was put upon the ground that the transaction was clearly a conditional sale and not a bailment, and each was decided upon its own peculiar facts.

The next contention of appellant's counsel is that the plaintiff lessor cannot recover because he did not give notice as provided by the Act of May 13, 1876, P. L. 171. In our opinion, upon the facts in the present case, that act has no application. If the leased property had been seized for rent in arrears while it was on the premises leased by Mrs. Lewis to Sarah Ward, a different question would have arisen—one that is not now before us. But it is a conceded .fact that the leased property was sold on the premises of J. W. Guernsey, on an execution issued on a judgment against Sarah Ward, and it is not made to appear that the latter ever had any title to or interest in the said piano or piano stool.

The next position taken by the counsel is that because the mother of the bailee asserted ownership of the leased property, and pledged it for rent in the presence of her daughter, the bailee, without the daughter asserting her claim to the property, this in some way, which is not made clear to us, makes the property liable to be sold as that of Sarah Ward. When we remember that Nellie McGann's interest in the property was only that of a bailee and that her mother, Sarah Ward, had no interest in it, it is impossible to see how the plaintiff's rights were in any way prejudiced by Mrs. Ward attempting to pledge the leased property for rent which she would become liable for in the future.

The next contention is that the sale, by the sheriff, without plaintiff giving any notice of his claim, conveyed the title of the property to Lewis. It is sufficient to say as to this proposition that in Pennsylvania a sheriff's sale of personal property only conveys the title of the defendant in the execution. In Pennsylvania there is no market overt, and a purchaser can get no title to personal property by buying it from one who has no title: Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218. In Barnett

v. Fein, 41 Pa. Superior Ct. 423, we held as stated in the syllabus: "An innocent purchaser, for value, of a leased chattel takes no other title than that of the bailee; and if the bailee defaults in performing the covenants of the lease, the bailor may recover the chattel, by an action of replevin, from the purchaser."

The next contention is that the plaintiff recovered more damages than he claimed in his declaration. We can see no merit in this contention. The defendant, Lewis, gave bond and retained the replevined property and the plaintiff stated in his declaration that the property was worth $100 and that he was entitled to damages in addition in the sum of $50.00. The learned referee only allowed the plaintiff $82.00, and this is the amount which the learned court below granted judgment for on overruling the exceptions to the report of the referee.

We are unable to discover any merit whatever in this appeal and therefore the numerous assignments of error are overruled and the judgment is affirmed.