## Abel *v.* M. H. Pickering Company, Appellant.

*Bailment—Lease—Installment lease—Default—Retaking posession..*

1. Where goods are delivered under a bailment lease by which title is retained in the lessor until a final payment specified, and by which the bailor has a right to retake possession upon default, the bailor may retake possession of the goods in the possession of the wife of the bailee without any previous demand and notice, if it appears that the husband after making certain irregular payments of rental had transferred the goods to his wife and then disappeared; and this is the case although it appears that the bailor had accepted certain installments of rental after such installments were past due.

2. In such a case the bailor has the right personally or through his agent to take possession of the property, if no opposition is offered; but if opposition is offered, he must resort to the appropriate proceedings at law.

3. Where possession of property has been lawfully acquired as by a conditional sale or bailment, and the agreement between the parties allows the owner to retake the property when certain conditions arise, he may retake it if he can do so without force, but when the taking is resisted he may not use force, but must proceed by law.

4. Where a bailor with title to the goods and right of possession in himself retakes the goods by force after default, the measure of damages to the bailee is not the value of the property seized, but is compensation for the injuries done by the use of force.

Argued April 27, 1914.   Appeal, No. 101, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 799, on verdict for plaintiff in case of Mrs. H. Abel *v.* M. H. Pickering Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass for an alleged illegal taking of property. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[On February 5, 1912, agents of M. H. Pickering Company went to the home of Mrs. Abel and seized

and carried away the household goods enumerated in the testimony, Mrs. Abel alleging that the taking of the property was illegal and against her protest and resistance, brought this action to recover damages; damages for the value of the property taken, and damages for the physical and mental pain suffered by reason of the alleged assault upon her, and the alleged vilification of her character. Her story as told by her and her daughter, and I believe another witness, is, that against her protest and resistance, they overpowered her and her daughter, and carried away the property. That fact is not disputed by the defendant, who defended upon the ground that the lease contract between the parties permitted a taking of the property by force, so long as such force was not unreasonable in the light of all the circumstances. Assuming that the strict letter of the contract permitted such seizure and taking, it was a legal nullity the moment plaintiff resisted the forcible seizure by defendant's agents, for the law will not sanction a contractual breach of the peace, in the aid of a specific performance of a contract, and the sudden seizure of the property at the time was a nullity, that is, illegal because the undisputed evidence is that the defendant had not up to that time required the payment of installments promptly as they matured, strictly as required by the contract, and therefore, could not suddenly seize the property without some fair notice and a reasonable time. Under these circumstances the defendant's remedy to regain the property, if it was entitled to possession, was not by resorting to force, breach of the peace and assault, but to an action of replevin,—a legal proceeding provided by law and ample for the protection and the enforcement of the defendant's contractual rights. The forcible taking of the property against the protest and resistance of the plaintiff, being undisputed, the only disputed issue of facts to be settled by you is the extent and nature of the force used by defendant's agents and the extent and

nature of the physical assault and attack made by them upon the person of Mrs. Abel, and the nature and extent of the vilification by them, if any such vilification was used by them, or any of them, touching her character.] [15]

[And having determined these facts, the final matter to be settled by your verdict is the amount of damages to be allowed her for the wrongs suffered by her, by the taking of the property and by the assault upon her person, if an assault was made, and by the vilification, if any, heaped upon her, touching her character, and by the mental pain and suffering resulting therefrom. When you have determined the reasonable compensation for these elements of damages, you may in addition add what is termed punitive damages, for it is a well-settled rule of law that in all cases where trespass is attended by circumstances showing a wanton disregard of plaintiff's rights, the jury may, in its discretion, give damages in excess of compensation by way of example, and punishment.] [16]

Plaintiff presented these points:

1. Under the law and the evidence in this case your verdict must be for the plaintiff. *Answer:* Affirmed. [1]

2. If you find from the evidence that the servants or employees of the defendant entered this home without a writ of replevin, or other due legal process, and that Mrs. Abel resisted and opposed their entry, then that was a forcible and wrongful entry and was unlawful and illegal. *Answer:* Affirmed. [2]

3. If you find from the evidence that Mrs. Abel disputed and denied the defendant's right to this property which was retaken, and that she resisted such retaking, then she did what she had a right to do, unless the defendant's servants acted under legal process and were accompanied by a duly authorized officer of the law. *Answer:* Affirmed. [3]

Verdict and judgment for plaintiff for $375. Defendant appealed.

442    ABEL *v.* M. H. PICKERING CO., Appellant.

Assignment of Errors—Opinion of the Court.    [58 Pa. Superior Ct.

*Errors assigned* were (1–3, 15, 16) above instructions, quoting them.

*James T. Buchanan,* for appellant.—Defendant had a right to retake the goods: Warwick Iron Co. v. Morton, 148 Pa. 72; Atkinson v. Walton, 162 Pa. 219; Teufel v. Rowan, 179 Pa. 408; Cobb v. Deiches & Co., 7 Pa. Superior Ct. 252; Potter v. Stetson & Co., 11 Pa. Superior Ct. 627; Barnett v. Fein, 41 Pa. Superior Ct. 423; Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218.

A bailee has no right to transfer, sell, or pledge the bailed property to a third person, without the knowledge or consent of the bailor, and a transfer: McMahon v. Sloan, 12 Pa. 229; Hildeburn v. Nathan, 1 Phila. 567; Rowe v. Sharp, 51 Pa. 26; Quinn v. Davis, 78 Pa. 15; Miller Piano Co. v. Parker, 155 Pa. 208; Crist v. Kleber, 79 Pa. 290; Cobb v. Deisches & Co., 7 Pa. Superior Ct. 252.

Plaintiff had a right to retake under the express terms of the lease without resorting to a writ of replevin: North v. Williams, 120 Pa. 109; Somerson v. Hicks, 134 Pa. 566; Taylor v. Walsh, 39 Md. 593.

*Neil W. McGill,* with him *H. D. Montgomery,* for appellee.—The course of dealing between the parties from July 17, 1907, to February 5, 1912, was such as to constitute a waiver by appellant of a strict performance of the terms of said agreement on the part of the appellee: Goff-Kirby Coal Co. v. Marine Coal Co., 31 Pa. Superior Ct. 60; Forsyth v. North Am. Oil Co., 53 Pa. 168; Hazelton Coal Co. v. Buck Mt. Coal Co., 57 Pa. 301; Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493; Price v. Beach, 20 Pa. Superior Ct. 291.

OPINION BY TREXLER, J., October 12, 1914:

This is an action of trespass brought by Mrs. H. Abel against M. H. Pickering Company for damages alleged

to have been sustained in the removal of certain goods from her house, the goods having come into her possession from her husband, who had received them from the defendant under what is generally known as an installment lease. The sum to be paid for the goods was a balance of $31.50, payable in weekly installments of $1.00 until the entire amount of rent was paid. After a full compliance with the lease a further payment of fifty cents entitled the bailee to a bill of sale whereby the title to the goods would pass to him. The bailee, the husband of the plaintiff, defaulted in his payments, having paid but $4.00 between the date of the lease, June 27, 1911, and February 5, 1912, the date of the alleged trespass. During that period Abel disappeared, having first, as the wife claims, transferred the goods to her. On February 5, 1912, the defendant's agents went to the house of Mrs. Abel, and entering peaceably, forcibly removed the goods from the premises, their efforts being resisted by Mrs. Abel and, according to her story, committed an assault and battery upon her and upon her daughter.

The lower court took the position that the bailor had no right to take the goods without previous demand and reasonable notice; that there having been no demand upon Abel between August, 1911, and February, 1912, and the payment prior thereto having been made irregularly, the bailor had waived its right of insisting upon strict performance and was required to give reasonable notice before proceeding, citing in his opinion refusing a new trial Goff-Kirby Coal Company v. Marine Coal Company, 31 Pa. Superior Ct. 60. This we think was error. It is true that when parties by a course of dealings show that they have no intention of holding each other to a strict compliance of the contract, either party cannot take the other unawares by insisting upon an exact and literal carrying out of the provisions of the contract and upon failure so to do on the part of the other party declare a forfeiture or

rescission. The case before us is different. The condition of affairs was due to no act of the bailors. Its endeavors to collect were unavailing owing to the absence of de-. fendant. The situation was not one of its making. There was no act of its officers or agents that showed that they waived any of the provisions of the contract. The mere inability to collect certainly does not amount to a waiver. The contract between the parties under our Pennsylvania decisions was a bailment: Barnett v. Fein, 41 Pa. Superior Ct. 423; Groves v. Lewis, 53 Pa. Superior Ct. 511.

The assertion of the right to take the bailed goods was not to invoke a forfeiture but was the enforcement of a contractual obligation expressed in words and implied in law: Jones v. Wands et al., 1 Pa. Superior Ct. 269; Cobb & Chase v. Deiches, 7 Pa. Superior Ct. 252.

The acceptance of the installments after they were past due was not a waiver of the conditions of the lease. A landlord accepting overdue rent does not waive a clause providing that all rent reserved shall become immediately. due and payable upon default for five days on the part of the tenant to pay any monthly install-ment: Teufel v. Rowan, 179 Pa. 408. As was said in the above case, "the acceptance of a portion of the amount due and failure to exact all that was due at that time, cannot be a waiver of the contract, but at most is only evidence of a willingness to indulge the debtor. It has never been held that mere delay of suit, or neglect to rigorously exact his money on the day it is due, is evidence of a waiver of his contract right: Atkinson v. Walton, 162 Pa. 222.

If the bailee has failed to comply with the terms of the lease under which he holds the property, the bailor has the right to retake the property under the very terms of the bailment: Barnett v. Fein, 41 Pa. Superior Ct. 423. That the goods were in the possession of a third party does not alter matters. Her rights can rise no

higher than those of the original bailee: Barnett v. Fein, supra. Indeed under the contract a change of possession from the bailee to anyone else operates as a breach of the contract and permits the owner to retake possession. Whilst the wife's possession may be regarded as that of the husband, in the case before us plaintiff's counsel argued that she was not bound by the provisions of the contract. It matters not what position she assumes, her rights in the premises must be determined by the contract and under that the husband could confer no rights on her which would give her the right of possession independently of him. We are convinced that under the above decisions the court was wrong in the position it took in regard to the right of the bailor to retake the property.

Concluding that the bailor had the right to recover possession, the next question involved is as to how far he is permitted to go in order to retake his goods. If his retaking of the goods is opposed, can he use force sufficient to overcome the resistance? The contract provides that the bailors may use such force as they may deem necessary, they to be the sole judges of the force necessary. This provision of the contract does not help us in the decision of the question. It is entirely too broad in its terms to be sustained in its full application. The answer must be found in a consideration of the decisions which declare how much force, if any, a person may lawfully use in retaking personal property, the title to which is in him. Blackstone, in his Commentaries, Book III, sec. 4, declares that "when any one hath deprived another of his property in goods or chattels personal, the owner may lawfully claim and retake them wherever he happens to find them so it be not in a riotous manner or attended with breach of the peace. If therefore he can so contrive it as to gain possession of his property again without force or terror, the law favors and will justify his proceeding. But as the public peace is a superior consideration to any one man's private property, and as if individuals were once

allowed to use private force as a remedy for private injuries, all social justice must cease, the strong would give law to the weak, and every man would revert to a state of nature; for these reasons it is provided that this natural right of recaption shall never be exerted where such exertion must occasion strife and bodily contention, or endanger the peace of society." The above applies to cases where the property is wrongfully acquired, much more would the reasoning apply where the original acquiring was lawful. Where the possession of personal property is peaceably acquired, the owner may not resort to violence whether the possession is lawful or not: 3 Cyc. 1078; 2 Am. & Eng. Ency. of Law (2d. ed.), p. 983.

The cases in the several states are not in harmony, some courts holding that the owner of property is only liable for excessive force in retaking his property; that he may use such force as is reasonably necessary to overcome the resistance wrongfully interposed. Others hold that where opposition is offered to the retaking of the property, the owner must resort to the remedies offered by proceedings at law. The matter has not been decided by any appellate court in this state.

In North v. Williams, 120 Pa. 109, a case arising under a lease of a piano payable in monthly installments, the Supreme Court by Green, J., held that an entry into the dwelling by artifice and the removal of the piano did not constitute trespass. In deciding this case in favor of the defendant, the court uses the expression "no violence or unnecessary force was used and all that was done was what the defendant had a legal right to do without let or hindrance, take away the piano." This would seem to recognize the use of necessary force. The above statement, however, was not necessary to a decision of the case, as the facts disclose that no force at all was used, page 113.

We think that the correct view is that where possession of property has been lawfully acquired as by a

conditional sale or bailment and the agreement between the parties allows the owner to retake when certain conditions arise he may retake if he can do so without force, but when the taking is resisted he may not use force, he must have his remedy by proceedings at law. This was the view taken by the lower court and we think rightly so and seems to be sustained by the weight of the authorities. The cases sustaining this view and those to the contrary are found set forth in the notes in Cyc. sec. 1078, and 2 Am. & Eng. Ency. of Law (2d. ed.), p. 983; vol. 6, p. 479; vol. 23, 974.

As this case goes back for retrial we wish to state that we cannot agree with the statement contained in the opinion of the court refusing a new trial as to all the items of damages. Among them is included "the value of the property seized, for the property in her possession was a thing of value that cannot be taken from her, except by due process of law." The title to the property was in the bailor under the very terms of the contract. The right of possession was in the husband during the continuance of the contract. He lost it by default. He had no right to dispose of the goods and the wife acquired no independent title by his turning them over to her. Even if the goods were wrongfully retaken he would be the one to recover and in his name suit would have to be brought and his damages would not be the value of the goods but the value of his special interest: Smith v. Case Threshing Machine Co., 50 Pa. Superior Ct. 92. If the bailor recognized her as the bailee in his stead her rights under the lease would be the same as the original bailee.

The title to the goods with the right of possession being in the bailor as was said in Moore v. Shenk, 3 Pa. 13, "the act of recaption was not necessary to revest the title in bailors but was a mere remedy like an action to regain possession by virtue of a title complete.

The damages therefore to which the plaintiff in this

case is confined are the wrong done to her in the use of force on the part of the bailors, and at the discretion of the jury punitive damages.

The judgment is reversed and a venire facias de novo awarded.